## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROGER DROLLINGER,                    )  |  |
|                                                      ) | |
|                    Petitioner,            ) | |
| v.                                                ) | No. 1:07-cv-0023-SEB-VSS |
|                                                      ) | |
| ALAN FINN, Superintendent,      ) | |
|                                                      ) | |
|                    Respondent.         ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

Petitioner Drollinger, a state prisoner, seeks a writ of habeas corpus with respect to a prison disciplinary hearing identified as No. ISP 06-09-0238. His request to proceed *in forma pauperis* is **granted.**

Whereupon the court, having read and considered such petition, and being duly advised, now finds that the action must be dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This conclusion rests on the following facts and circumstances:

1.      Drollinger is a state prisoner who seeks a writ of habeas corpus with respect to a disciplinary proceeding in which he was found guilty of violating prison rules through his unauthorized possession of State property. He was sanctioned with a six-month period of disciplinary segregation.

2.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). When a sanction does not include a deprivation of this nature, however, no such review is required, because the inmate cannot satisfy the "in custody" requirement of the federal habeas statute. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

      3.    In this case, as noted, Drollinger was sanctioned with a transfer from Michigan City, Indiana to six months segregation. This sanction did not constitute a deprivation of sufficient severity to support the "in custody" requirement discussed above. Being subject to a more restrictive form of confinement, even if the result of discipline, does not necessarily constitute the loss of a protected liberty interest. *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995). The sanction imposed on Drollinger in No. ISP 06-09-0238 did not result in the loss of a protected liberty interest, *id.,* and hence did not result in the imposition of custody sufficient to support a petition for a writ of habeas corpus. Based on these circumstances, which are plain from the face of Drollinger's petition, his petition for a writ of habeas corpus must be denied and this action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 01/11/2007

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana